IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SERGIY KURDYUKOV,              )
                               )
            Plaintiff,         )
                               )
      v.                       )    Civil Action No. 07-1131(RBW)
                               )
U.S. COAST GUARD,              )
                               )
            Defendant.         )
                               )
_____)
```

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

In this FOIA case, plaintiff opposes defendant's motion for summary judgment and asserts that his declaration raises a genuine issue of fact because the Coast Guard has failed to provide "written confirmation" that the government of Panama authorized the Coast Guard to stop, board, search and escort the "M/V CHINA BREEZE" to a U.S. Port for enforcement of U.S. law. He essentially challenges the adequacy of the search by the Coast Guard for documents responsive to his FOIA requests and raises jurisdictional issues related to his criminal conviction for maritime drug trafficking of cocaine.

Plaintiff's assertions are misguided. The failure to locate responsive documents is not the <u>sin quin non</u> of an inadequate search, applicable law does not require written confirmation by a Foreign nation, and FOIA may not be used to collaterally attack a

criminal conviction.[1]  The Coast Guard's motion for summary judgment should be granted.

## Argument

### I. The Search Was Adequate

The reasonableness inquiry does not examine "the fruits of the search," but instead focuses upon "the appropriateness of the methods used to carry out the search." Iturralde v. Comptroller of the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003).  Thus, the fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).  Moreover, even in situations where the agency acknowledges that the requested document still exists or once existed, "the failure to turn up this document does not alone render the search inadequate."  Nation Magazine, Washington Bureau v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citing Perry, 684 F.2d at 128); accord Iturralde, 315 F.3d at 315 ("[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate.").  In such situations, an otherwise reasonable search remains adequate unless circumstances reveal

---

[1] Plaintiff does not challenge the FOIA exemptions invoked by the defendant.

"positive indications of overlooked materials."  <u>Founding Church of Scientology</u>, 610 F.2d at 837; <u>accord</u> <u>Valencia Lucena v. United States Coast Guard</u>, 180 F.3d 321, 327 28 (D.C. Cir. 1999). Thus, the FOIA does not require an agency to "account for documents which the requester has in some way identified if it has made a diligent search for those documents in places in which they might be expected to be found."  <u>Miller v. United States Dep't of State</u>, 779 F.2d 1378, 1385 (8th Cir. 1985), cited with approval in <u>Iturralde</u>, 315 F.3d at 315.  Here, there is no indication that materials were overlooked.

   The declaration of LCDR Kramek and the attached exhibits sufficiently explains, in a nonconclusory manner, the methodology of the search conducted by the United States Coast Guard (USCG) for documents responsive to plaintiff's FOIA request.  USCG searched for all records identifiable to plaintiff and the "CHINA BREEZE" in those systems and files most likely to have responsive records (Kramek Decl. ¶¶ 12,13,14,15).  That there were very few responsive documents located does not adversely reflect on the adequacy of the search. <u>See</u> <u>Hornbostal v. United States Department of Interior</u>, 305 F. Supp. 21, 28 (D.D.C. 2003); <u>Jones v. FBI</u>, 41 F. 3d 235, 249 (6th Cir. 1994).

   To the extent plaintiff attempts to argue that the USCG failed to search for records in the Florida District he is mistaken.  The Coast Guard not only searched its central law

enforcement database, but searched individual Coast Guard Districts through which the "CHINA BREEZE" navigated (Kramek Decl. ¶¶ 14-15). The Kramek declaration clearly indicates that the USCG searched the Seventh and Eighth Coast Guard Districts. Id. The Seventh Coast Guard District has responsibility for the entire Caribbean and the waters off the coast of Florida. See 33 C.F.R. § 3.35-1(describes geographic responsibility for the Seventh District). The Eighth District has responsibility for the Gulf of Mexico. See 33 C.F.R. § 3.40-1 (describes the geographical responsibility for the Eighth District). The search for documents responsive to plaintiff's FOIA request was made in places in which they might be expected to be found and was reasonably calculated to uncover relevant documents. Miller, 779 F.2d 1378, 1385; Steinberg, 23 F.3d 548, 541.

## II.  Plaintiff Fails to Rebut Agency Declarations

Once the agency has satisfied its obligation to establish a prima facie case, the plaintiff may rebut it by presenting countervailing evidence including evidence of bad faith. Founding Church of Scientology v. Nat'l Sec. Agency, 610 F.2d 824, 836 (D.C. Cir. 1979)("[p]urely speculative claims about the existence and discoverability of other documents," does not suffice to discredit agency affidavits). Plaintiff has proffered no material issue of fact but relies on his belief that on a matter that he believes to be so important that there must be a

memorandum or writing from Panama granting permission for the United States to exercise jurisdiction over a Panamanian-flagged vessel in open waters where he was arrested, and subsequently convicted of cocaine trafficking.

The statue under which plaintiff was convicted - the Maritime Drug Law Enforcement Act of 1986, Pub. L. 99-640, § 17, Nov. 10, 1986, 100 Stat. 3552 ("MDLEA") 46 U.S.C. § 70501 et seq., (formally codified at 46 U.S.C. App. § 1903 et seq.) - requires no such written permission by the government of Panama. Rather, the opposite is true.  The MDLEA expressly provides that oral permission is sufficient, and that the State Department's certification is conclusive proof of Panama's grant of jurisdiction.  46 U.S.C. § 70502(2)(A) states:

> "(2) CONSENT OR WAIVER OF OBJECTION.--Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States under paragraph (1)(C) or (E)--
>
> "(A) may be obtained by radio, telephone, or similar oral or electronic means; and
>
> "(b) is proved conclusively by certification of the Secretary of State or the Secretary's designee.[2]

---

[2] Notably, Exhibit A to plaintiff's opposition (Record Doc. 18) is the certification of the Secretary of State (R. 18).  Paragraphs E-G of Exhibit A states that Panama gave permission to board, search and eventually take the CHINA BREEZE to a U.S. port. Notably, plaintiff's exhibit A is marked as Government's Exhibit 1 with the criminal case number that resulted in plaintiff's conviction.

46 U.S.C. § 70502(2)(A).

Plaintiff may not collaterally attack his conviction through a FOIA action. Plaintiff's particular interest in the documents he seeks is not relevant to the merits of his FOIA case. NLRB v. Sears Roebuck & Co., 421 U.S. 132, 143 n.10 (1975); see also Jones v. FBI, 41 F.3d 238, 250 (6th Cir. 1994). Plaintiff's mistaken belief that there must be relevant documents which are useful to his jurisdiction defense is based on his erroneous understanding of the statute. The granting of permission by one nation state, here Panama, to another nation state, the United States, to board and exercise jurisdiction over a vessel flying its flag is an issue of international law. The MDLEA is absolutely clear that individual defendants do not have standing to bring any such challenge to jurisdiction, only a nation state can. 46 U.S.C. § 70505 states:

> A person charged with violating section 70503 of this title does not have standing to raise a claim of failure to comply with international law as a basis for a defense. A claim of failure to comply with international law in the enforcement of this chapter may be made only by a foreign nation. A failure to comply with international law does not divest a court of jurisdiction and is not a defense to proceeding under this chapter.

46 U.S.C. § 70505.

The MDLEA "requires the consent of a vessel's flag nation for jurisdiction to protect the interest of that flag nation and international comity, not the interest of the individuals aboard

the vessel." <u>United States v. Devila</u>, 216 F.3d 1009, 1017 (11th Cir. 2000)(per curiam)citing <u>United States v. Gonzalez</u>, 776 F.2d 931, 940 n.14 (11th Cir. 1985).  Accordingly, only a foreign nation has standing to raise a claim of failure to comply with international law as a defense to an MDLEA prosecution.  Thus, plaintiff lacks standing to bring such a jurisdictional challenge with or without written permission from Panama.[3]

## CONCLUSION

For the foregoing reasons and those in defendant's motion for summary judgment, summary judgment should be granted in favor of the defendant.

---

[3]    Squarely on point is the Fifth Circuit's opinion addressing one of plaintiff's fellow crewmember's challenge to U.S. jurisdiction over the CHINA BREEZE arising out of the very same law enforcement action which resulted in plaintiff's arrest and subsequent conviction. <u>United States v. Bustos-Useche</u>, 273 F.3d 622 (5th Cir. 2001). In <u>Bustos-Useche</u>, the Fifth Circuit held that the State Department's certification was conclusive proof that the Panamanian government consented to the enforcement of United States law, and that because Panama consented to the enforcement of the United States law over the CHINA BREEZE on May 28, 1999, the District Court satisfied the jurisdictional requirements of the statute. <u>Id</u>. Moreover, as in other Circuits, the Fifth Circuit, citing the Senate Report on the MDLEA held that persons charged with a crime under the MDLEA do not have standing to raise issues of international law, and that by enacting then-section 1903(d) (now codified at 46 U.S.C. § 70505) Congress intended to eliminate jurisdictional impediments to convictions under the MDELA. <u>Id</u>.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

SERGIY KURDYUKOV  
# 83817-079  
P.O. Box 2000  
Fort Dix, N.J. 08640

on this _____ day of January, 2008.

    ____/s/_____  
    DIANE M. SULLIVAN  
    Assistant United States Attorney  
    555 Fourth Street, N.W.  
    Room E4919  
    Washington, D.C.  20530  
    (202)514-7205