UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SERGIY KURDYUKOV, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-1131 (RBW) |
| UNITED STATES COAST GUARD, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on the United States Coast Guard's renewed motion for summary judgment. *See* Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment ("Def.'s Renewed Mem."). For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

In December 2006, the plaintiff submitted a request to the United States Coast Guard ("Coast Guard") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), for the following information:

> (1) All the documents from the Government of Panama authorizing the U.S. Coast Guard to stop[,] board and search the M/V CHINA BREEZE.
> (2) All the documents from the Government of Panama authorizing the U.S. Coast Guard to detain the M/V[] CHINA BREEZE on behalf of the Government of Panama.
> (3) All the documents from the Government of Panama authorizing the U.S. Coast Guard to remain on board the M/V CHINA BREEZE and escort the vessel to a U.S. port to conduct a dockside boarding.

> (4) All the documents showing the authorization from the Government of Panama to transfer its jurisdiction for prosecution to the United States when the M/V CHINA BREEZE entered U.S. waters.

Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mem."),[1] Declaration of Joseph Kramek ("Kramek Decl."), Attachment ("Attach.") A (December 27, 2006 Freedom of Information/Privacy Act Request) at 1. Among the responsive records was a four-page Intelligence Information Report ("IIR") maintained by the Coast Guard Intelligence Coordination Center. Def.'s Mem., Declaration of Marty J. Martinez ¶ 4. The IIR "contain[ed] information relating to a drug interdiction and seizure of the M/V China Breeze motor vessel on May 27, 1999[,]" which included such items as "vessel information, personnel aboard and arrested data, photograph data, and information relative to the type and amount of drugs seized, and involved entities." *Id.*; *see id.*, Kramek Decl. ¶¶ 17, 19; *see also id.*, Attach. G (redacted Information Report of CHINA BREEZE boarding and cocaine seizure) & Vaughn Index (Doc. No. 4). The Coast Guard released this report in part, redacting information under Exemptions 2, 6, and 7. *Id.*, Kramek Decl. ¶ 19. Because the Coast Guard did not establish that its decision to withhold information under Exemptions 2 and 7 was proper, the Court denied its first summary judgment motion. *Kurdyukov v. U.S. Coast Guard*, 578 F. Supp. 2d 114, 129 (D.D.C. 2008). The Court deferred its ruling on the Coast Guard's decision to redact the names of government and non-government employees mentioned in the IIR until such time as the agency filed a renewed summary judgment motion. *Id.* at 127 n.7.

Now before the Court is the Coast Guard's renewed motion for summary judgment and the Supplemental Vaughn Index to the Declaration of Lieutenant Commander Joseph Kramek

---

[1] This motion is the initial filing made by the defendant on November 19, 2007.

("Supp. Index"). The Supplemental Vaughn Index addresses the deficiencies of the Coast Guard's initial dispositive motion, declarations and Vaughn Index by setting forth the agency's reasons for withholding information from the IIR under Exemptions 2, 6, 7(C), and 7(E) of the FOIA.[2]

## II.  DISCUSSION

### *A. Summary Judgment Standard of Review*

The Court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits or declarations, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption

---

[2] Although the redacted copy of the IIR suggests that certain information had been withheld under FOIA Exemption 5, *see* Kramak Decl., Attach. G at 1, 4, the Coast Guard apparently relies only on Exemptions 2, 6, and 7. *See* Kramek Decl. ¶ 14 & Vaughn Index (Doc. No. 4); *see id.*, Supp. Index (Doc. No. 4 (Att. G)).

of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

"In opposing a motion for summary judgment or cross-moving for summary judgment, a FOIA plaintiff must offer more than conclusory statements." *Schoenman v. Fed. Bureau of Investigation*, 573 F. Supp. 2d 119, 134 (D.D.C. 2008) (citations omitted). Rather, "a plaintiff pursuing an action under FOIA must establish that either: (1) the Vaughn index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all nonexempt material in the requested documents." *Id.* (citations omitted).

### B. Exemptions

The Coast Guard bears the burden of justifying its decision to withhold records or portions of records. *See* 5 U.S.C. § 552(a)(4)(B) (2006). "To enable the Court to determine whether documents properly were withheld, the agency must provide a detailed description of the information withheld through the submission of a so-called 'Vaughn index,' sufficiently detailed affidavits or declarations, or both." *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 74 (D.D.C. 2007) (citations omitted); *see Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979) (while there is no set form for a Vaughn index, the D.C. Circuit has identified "three indispensable elements of a Vaughn index: (1) The index should be contained in one document, complete in itself. (2) The index must adequately describe each withheld document or deletion from a released document. (3) The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is

relevant."). "Any measure will adequately aid a court if it 'provide[s] a relatively detailed justification, specifically identif[ies] the reasons why a particular exemption is relevant and correlat[es] those claims with the particular part of a withheld document to which they apply.'" *Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)). "[T]he precise form of the agency's submission – whether it be an index, a detailed declaration, or a narrative – is immaterial." *Schoenman*, 573 F. Supp. 2d at 134 (citations omitted). In this case, the Coast Guard relies on the Kramek Declaration and the original and a Supplemental Vaughn Indices from which the Court concludes it can "derive . . . a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Manna v. U.S. Dep't of Justice*, 832 F. Supp. 866, 873 (D.N.J. 1993) (internal quotation marks and citation omitted).

1. Exemption 2

Exemption 2 of the FOIA, which shields from disclosure information that is "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2), applies if the information that is sought meets two criteria. First, such information must be "used for predominantly internal purposes[.]" *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d. 1051, 1073 (D.C. Cir. 1981); *see Nat'l Treasury Employees Union v. U.S. Customs Serv.*, 802 F.2d 525, 528 (D.C. Cir. 1985). Second, the agency must show either that "disclosure may risk circumvention of agency regulation," or that "the material relates to trivial administrative matters of no genuine public interest." *Schwaner v. Dep't of the Air Force*, 898 F.2d 793, 794 (D.C. Cir. 1990) (internal quotation marks and citations omitted). "Predominantly internal documents the disclosure of which would risk circumvention of agency statutes and regulations

5

are protected by the so-called 'high 2' exemption." *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992). "High 2" exempt information is "not limited . . . to situations where penal or enforcement statutes could be circumvented." *Id*. at 1208. If, however, the material at issue merely relates to trivial administrative matters of no genuine public interest, it is deemed "low 2" exempt material.[3] *See Founding Church of Scientology, Inc. v. Smith*, 721 F.2d 828, 830-31 n.4 (D.C. Cir. 1983).

The Coast Guard has withheld "[i]nformation that might reveal Coast Guard and other agency law enforcement or inter-agency process, procedure, internal organization and similar matters[,] including all headings, message headings, message addresses, routine controls, internal system management of messages and other agency information" on the ground that it "is not responsive to [the plaintiff's] FOIA request and entirely germane to the substance of the IIR[.]" Def.'s Mem., Kramek Decl. ¶ 19. From page 1 of the IIR, the Coast Guard has withheld "administrative codes related to intelligence and law enforcement matters as well as information related to limitations on the use of the IIR including release to foreign partners," Def.'s Renewed Mem., Supp. Index at 1, and from page 4, it has withheld "information related to limitations on the use of the IIR including release to foreign partners," *id.* at 2. The declarant of the Supplemental Vaughn Index represents that disclosure of this information "could reveal with

---

[3]   "Low 2" FOIA exempt information includes such items as "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references," *Scherer v. Kelley*, 584 F.2d 170, 175 (7th Cir. 1978), *cert. denied*, 440 U.S. 964 (1979), and other "trivial administrative data such as . . . data processing notations[] and other administrative markings," *Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 78 (D.D.C. 1998) (citation omitted). Here, the "low 2" information withheld includes "message routing data for U.S. Government agencies and organizational entities, IIR report numbers, file and record numbers, and notations related to file systems which are predominantly used for internal purposes." Supp. Index at 1. Plaintiff concedes that this "low 2" information properly has been withheld. Response to Defendant's Renewed Motion for Summary Judgment at 2.

whom and the extent the Coast Guard communicates sensitive law enforcement and intelligence matters with other law enforcement agencies and foreign partners." *Id.* at 1; *see also id.* at 2.

The plaintiff objects to the withholding of the purported "high 2" information "pertaining to communications between the U.S. Coast Guard and other law enforcement agencies and foreign partners with respect to this case, [because such information] lies at the heart of plaintiff's request[.]" Response to Defendant's Renewed Motion for Summary Judgment ("Pl.'s Opp'n") at 2. He asserts that there is a genuine issue of material fact in dispute as to whether the Coast Guard or the Drug Enforcement Administration ("DEA") was the lead agency in effecting the seizure of the vessel. *Id.* at 1-2. He takes this position because although both the DEA and the Coast Guard have identified the DEA as the "lead agency," *id.* at 2, "the official information which the defendant [has already] released to [him] clearly contradicts the premise that the [DEA] was the lead agency," *id.* at 2-3. Moreover, he contends that the Coast Guard "has not been able to produce any documents establishing that the [DEA] did, in fact, contact the . . . Coast Guard prior to May 27, 1999 to inform them that the China Breeze was transporting cocaine," *id.* at 3, which he contends supports his belief "that the IIR could contain information establishing that the Coast Guard, in reality, [was] the lead agency," *id.*

However, the plaintiff's beliefs as to the events preceding the Coast Guard's seizure of the China Breeze are not relevant to this FOIA action. Here, all the Coast Guard need show is that the administrative codes withheld fall within the scope of Exemption 2. The Court concludes that the agency adequately explains that the administrative codes relate to law enforcement and intelligence matters, that the codes are predominantly used for internal purposes, and that their disclosure may risk circumvention of the laws and regulations it is

obliged to enforce. These representations are clearly sufficient to support the defendant's position that this information has properly been withheld under Exemption 2.

2. Exemptions 6 and 7(C)

Both Exemptions 6 and 7(C) of the FOIA are designed to protect the personal privacy interests of individuals named or identified in government records. Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C), however, applies only to "records or information compiled for law enforcement purposes," to the extent that their disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). Under this latter exemption, an agency may withhold categorically certain information in law enforcement records if its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). Because the Court already has concluded that all the records responsive to the plaintiff's FOIA request were compiled for law enforcement purposes, *Kurdyukov*, 578 F. Supp. 2d at 127, the Court will address only an analysis of the applicability of Exemption 7(C). *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1992).

To determine whether Exemption 7(C) applies, the Court balances "the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *See Reporters Comm. for Freedom of*

*the Press*, 489 U.S. at 773-75; *SafeCard Servs.*, 926 F.2d at 1205-06. "Where a legitimate privacy interest is implicated, the requester must (1) show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake, and (2) show the information is likely to advance that interest." *Sussman v. United States Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007) (internal question marks and citations omitted).

Under Exemption 7(C), the Coast Guard has redacted from the IIR "the names of both Government employees and non-government employees named in the IIR, including contact information and personal information such as passport numbers, birthdates, and all names of personnel on board the M/V CHINA BREEZE, except [the plaintiff's] name and personal information[.]" Def.'s Mem., Kramek Decl. ¶ 19. The Coast Guard considers the release of this personal information "an unwarranted invasion into [the] personal and . . . privacy interests of these individuals[, which it contends,] outweighs any general interest in disclosure." Def.'s Renewed Mem., Supp. Index at 1. In the agency's view, because "[t]he IIR relates to a criminal matter . . . there is the strong possibility of the stigma of being associated with a law enforcement investigation" that would result from the disclosure of the redacted information. *Id.* Further, with respect to "the name and phone number for the government employee listed as the point of contact for the IIR," the declarant of the Vaughn Index represents that, "[g]iven that the law enforcement action involved a multi-ton seizure of cocaine, this information has [the] potential to result in threats against the individual." *Id.* at 2.

The plaintiff concedes that "[t]he names and personal information of the U.S. Coast Guard crew members, which may include addresses, passport numbers and other personal data," is exempt from disclosure. Pl.'s Opp'n at 3. However, he argues that "the name[,] rank and title

9

of the lead officer who coordinated the investigation with the D.E.A. prior to the interception of the ship – if such person does indeed exist – should be released to the plaintiff" on the ground that this information "lies outside of the boundaries of Exemption 7(C)." *Id.* This information, he asserts, "focuses on the citizens' right to be informed about what the government is up to." *Id.* at 4 (citation and internal quotation marks omitted).

"The D.C. Circuit has consistently held that [E]xemption 7(C) protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants, and has determined that such third-party information is categorically exempt from disclosure under [E]xemption 7(C), in the absence of an overriding public interest in its disclosure." *Lewis v. U.S. Dep't of Justice*, 609 F. Supp. 2d 80, 84 (D.D.C. 2009) (internal quotation marks and citations omitted); *see Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 552 (6th Cir. 2000) (concluding that agency properly withheld identifying information concerning agents, personnel, and third parties after balancing their privacy interests against public disclosure), *cert. denied*, 534 U.S. 1134 (2002); *SafeCard Servs.*, 926 F.2d at 1206 (holding that "unless access to the names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) is necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity, such information is exempt from disclosure"). Here, the plaintiff articulates no cognizable public interest that outweighs the significant privacy interests of any individuals named in the information withheld by the defendant. *See generally* Pl.'s Opp'n. Moreover, any personal interest plaintiff may have in the individual's identity does not qualify as a public interest favoring disclosure. *See Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002), *vacated and remanded on other grounds*, 541 U.S. 970 (2004), *reinstated*, 378 F.3d 1115 (D.C. Cir. 2004).

For all of the above reasons, the Court concludes that the Coast Guard has properly withheld under Exemption 7(C) the names of and personal information concerning the government employees, crew members, and other third parties mentioned in the IIR.

### 3.  Exemption 7(E)

Exemption 7(E) of the FOIA protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law[.]"  5 U.S.C. § 552(b)(7)(E); *see Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006); *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 49 (D.D.C. 1999); *Fisher v. U.S. Dep't of Justice*, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992).

Under Exemption 7(E), the Coast Guard has redacted from pages 1 and 2 of the IIR "information regarding and relating to law enforcement surveillance (both type and location), methods, and tactics[,]" including information describing "methods for detection and monitoring of vessels and information sought during the course of a boarding, the evaluation of such information including Coast Guard interpretations, as well as the significance of such information from a law enforcement and intelligence perspective."  Def.'s Renewed Mem., Supp. Index at 1.  According to the defendant, release of this information "could reveal techniques and procedures used in law enforcement operations which could lead to the circumvention of maritime counter-narcotic operations."  *Id.*

The plaintiff responds that he "is not interested in exposing secret tactics, guidelines, procedures, or surveillance methods that were most likely never used in the first place."  Pl.'s

Opp'n at 4. He represents that, according to both the Drug Enforcement Administration ("DEA") and the Coast Guard, there was "a confidential informant on board [the M/V CHINA BREEZE] who gave the signal shortly after the drugs were loaded onto the ship," and argues that "highly secretive special tactics were likely not employed." *Id.* at 2; *see id.* at 4. In his view, the Coast Guard's "unwillingness to release the IIR only helps bolster plaintiff's claims of foul play." *Id.* at 4.

An agency may withhold information from disclosure where, as here, it would provide insight into its investigatory or procedural techniques. *See Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1129 (D.C. Cir. 2007) (concluding that the CIA properly withheld information revealing security clearance procedures because release "could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates"). Based on the Coast Guard's representations and absent evidence from the plaintiff to rebut the presumption of good faith afforded to the agency's declaration, the Court concludes that the Coast Guard has properly withheld information pertaining to law enforcement surveillance, methods, and tactics because its disclosure could allow others to circumvent maritime counter-narcotics efforts in the future. *See, e.g., Morley v. Cent. Intelligence Agency*, 453 F. Supp. 2d 137, 157 (D.D.C. 2006) (permitting the withholding of information pertaining to security clearances and background investigations on the ground that "disclosure of CIA security clearance and investigatory processes would risk circumvention of those processes in the future"), *rev'd on other grounds*, 508 F.3d 1108 (D.C. Cir. 2007); *Fisher*, 772 F. Supp. at 12 (upholding FBI's decision to withhold information about law enforcement techniques where disclosure would impair effectiveness and context of the documents "could alert subjects in drug investigations about techniques used to aid the FBI").

*C.  Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  5 U.S.C. § 552(b); *see Stolt-Nielsen Transp. Group, Ltd. v. United States*, 534 F.3d 728, 734 (D.C. Cir. 2008); *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999).  The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).  Here, having reviewed defendant's declarations, its Vaughn Indices, and a redacted copy of the IIR, the Court concludes that all reasonably segregable material has been released.

III.  CONCLUSION

Based on all of the reasons set forth above, the Court concludes that the Coast Guard properly has withheld information under Exemptions 2, 7(C), and 7(E) from the IIR and has released to the plaintiff all reasonably segregable information.  Accordingly, the Court will grant the defendant's renewed motion for summary judgment.  An Order consistent with the rulings rendered by the Court is issued separately.

DATE: September 29, 2009

      /s/
REGGIE B. WALTON
United States District Judge